UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMERSON STANLEY BRIGHT,

Defendant.

No. 08-CR-00806 SBA

**ORDER**

[Docket No. 22]

Before the Court is the government's Brief in Support of Appeal of Magistrate's Release Order (the "Brief") [Docket No. 22] and defendant Jamerson Stanley Bright's Memorandum in Opposition to the Brief (the "Opposition") [Docket No. 23]. The facts and procedural posture of this matter are well known to the parties, so the Court need not repeat them here. The Court will note, however, that on January 6, 2009, Magistrate Judge Brazil granted Bright pre-trial release to a halfway house, subject to a $500,000 bond signed by him, his wife, and his parents, using both his and his parents' homes as collateral. *See* Docket No. 18. At the government's request, Judge Brazil stayed his order, so the government could appeal it to this Court. *See id.* The government did so [Docket No. 22], and Bright responded [Docket No. 23]. For the following reasons, the Court AFFIRMS Judge Brazil's January 6, 2009 Order.

Under the Bail Reform Act, 18 U.S.C. § 3142, the Court *must* release Bright pre-trial on his own recognizance, unless this (1) will not reasonably assure his appearance or (2) will endanger the safety of any other person or the community. *Id.* § 3142(b). The government's burden of proof in showing these risks is, respectively, by a preponderance, *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985), and by clear and convincing evidence, § 3142(f)(2)(B); *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If the government meets either burden, then the Court *must* determine the *least restrictive* further condition or combination of conditions which will satisfy both the appearance and safety requirements. *Id.* § 3142(c)(1)(B); *see Motamedi*, 767 F.2d at 1405. If no condition or combination of conditions short of detention will suffice, then the Court *must* detain

1  Bright.  18 U.S.C. § 3142(e)(1); *Hir*, 517 F.3d at 1086.

2        Under § 3142(g), to determine whether there are conditions of release that will reasonably
3  assure Bright's appearance and the safety of any other person and the community, the Court *must*
4  take into account four factors: (1) "the nature and circumstances of the offense charged, including
5  whether" it involves a controlled substance; (2) "the weight of the evidence against the person;"
6  (3) "the person's character, physical and mental condition, family ties, employment, financial
7  resources, length of residence in the community, community ties, past conduct, history relating to
8  drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;"
9  and whether they were on probation, parole, or any other type of release; and (4) "the nature and
10 seriousness of the danger to any person or the community that would be posed by the person's
11 release."  § 3142(g)(1)-(4); *Hir*, 517 F.3d at 1086.

12       Bright is charged with two counts of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D),
13 possession with intent to distribute marijuana; one count of violating 18 U.S.C. § 924(c)(1)(A)(i),
14 using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug
15 trafficking crime; and one count of violating 18 U.S.C. § 924(c)(1)(C)(i), using, carrying, and
16 possessing firearms during, in relation to, and in furtherance of a drug trafficking crime.  *See* Docket
17 No. 1.

18       Assessing the evidence de novo, *U.S. v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990), and
19 balancing § 3142(g)'s four factors, Bright does not qualify for release on his own recognizance
20 under § 3142(b).  Based on the evidence, while he is not a flight risk, he would likely continue to
21 sell drugs and arm himself, clearly and convincingly posing a danger to the community.  At the other
22 end of § 3142's spectrum, however, the government has not met its burden under § 3142(e) to show
23 that Bright must be detained, because it has failed to show that no conditions exist which will
24 reasonably assure his appearance and the community's safety.

25       The Court notes that there is probable cause to believe that Bright committed an offense
26 under 18 U.S.C. § 924(c)(1).  This triggers a rebuttable presumption under § 3142(e)(3)(A) that the
27 Court should detain him.  *See Hir*, 517 F.3d at 1086.  "Although the presumption shifts a burden of
28 production to [Bright], the burden of persuasion remains with the government."  *Id*.  To avoid

detention, Bright must rebut with § 3142(g)'s four factors. *Hir*, 517 F.3d at 1086. The Court finds that he does so. The presumption is not erased, however, but remains evidence to be weighed along with § 3142(g)'s four factors. *Id.* at 1086. Weighing them the Court finds that under § 3142(c), Judge Brazil correctly chose to determine the least restrictive conditions which would reasonably ensure Bright's appearance in court and the community's safety.

Specifically, with regards to Bright's flight risk, it is low to none. Given his character and other evidence, he appears a poor candidate to flee the area or to sever his lengthy and stable ties to his family, community, church, or employment. And, as an added level of security, Bright, his wife, and his parents have pledged their two houses against his $500,000 bond.

With regards to Bright's danger risk, the government has seized his weapons, his body armor, and his narcotics. While he may have more elsewhere, if he leaves the halfway house, he will forfeit his bond, a condition he appears unlikely to trigger. Further, in the halfway house, he will be unable to sell marijuana, negating the only danger risk his release would otherwise pose to the community. And, by keeping him from returning home to a dangerous neighborhood, Bright will not have an excuse to arm or armor himself. Thus, assessing the evidence de novo, and balancing § 3142(g)'s four factors, Bright qualifies for release under § 3142(c), under the conditions determined by Judge Brazil.

Accordingly, the Court AFFIRMS Magistrate Judge Brazil's January 6, 2009 Order [Docket No. 18].

IT IS SO ORDERED.

January 15, 2009

_____
Claudia Wilken for Saundra Brown Armstrong
United States District Judge

cc:   WDB
      U.S. Marshal
      Pretrial Services

3